IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLES BOND,

    Petitioner,
v.                                          Case No. 4:14cv328-WS/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,[1]

    Respondent.
_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

On June 26, 2014, Petitioner Charles Bond, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On October 15, 2014, Petitioner filed an amended § 2254 petition. ECF No. 12. On July 14, 2015, Respondent filed a motion to dismiss the petition as untimely, with attachments. ECF No. 20. Petitioner has not filed a reply, though given the opportunity to do so. *See* ECF No. 19.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

---

[1]The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews. Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is untimely and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

By information filed September 23, 2009, the State of Florida charged Petitioner Charles Bond with one count of armed robbery with a firearm, a first degree felony punishable by life, in violation of sections 775.087 and 812.13(2)(a), Florida Statutes, in connection with events that took place on August 27, 2009.  Ex. A at 4.[2]  Bond proceeded to a jury trial and, on February 2, 2010, the jury found him guilty as charged, specifically finding that he actually possessed a firearm during the offense.  *Id.* at 27; Ex. B. On March 11, 2010, the state trial court adjudicated Bond guilty and sentenced him to 30 years in prison, with a 10-year minimum mandatory sentence for use of a firearm, and jail credit for 178 days.  Ex. A at 32-42.

---

[2] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 20.

Case No. 4:14cv328-WS/CAS

Bond appealed his conviction and sentence to the First District Court of Appeal (DCA), assigned case number 1D10-1855, and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting no issues of arguable merit existed.  Ex. D.  The court gave Bond an opportunity to file a pro se brief but he did not do so.  Exs. E, F.  On October 8, 2010, the First DCA per curiam affirmed the case without a written opinion.  Ex. G; Bond v. State, 46 So. 3d 568 (Fla. 1st DCA 2010) (table).  The mandate issued November 4, 2010.  Ex. H.

On November 5, 2012, Bond filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising three claims of ineffective assistance of trial counsel.  Ex. I at 1-10.  The State filed a response.  *Id.* at 13-18.  In a non-final order rendered April 17, 2013, the state post-conviction trial court denied the second two grounds and granted an evidentiary hearing on the first ground.  *Id.* at 19-21.  An evidentiary hearing took place on July 13, 2013, after which the court denied the Rule 3.850 motion.  *Id.* at 63-86.  Bond moved for rehearing, which the court denied by order rendered August 1, 2013.  *Id.* at 41-53 (motion), 54 (order).  Bond appealed to the First DCA, assigned case number 1D13-4386, and filed an initial brief.  Ex. J.  The State filed an

answer brief, Ex. K, and Bond filed a reply brief, Ex. L.  On April 14, 2014, the First DCA affirmed the case per curiam without a written opinion.  Ex. M; Banks v. State, 136 So. 3d 596 (Fla. 1st DCA 2014) (table).  The mandate issued May 12, 2014.  Ex. N.

As indicated above, Bond filed a petition in this Court on June 26, 2014.  ECF No. 1.  He filed an amended § 2254 petition raising one ground, alleging ineffective assistance of trial counsel.  ECF No. 12 at 5-8.  Respondent has filed a motion to dismiss the § 2254 petition as untimely.  ECF No. 20.

## Analysis

There is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  *Id.* § 2244(d)(1)(A).[3]  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.

---

[3] Later dates which may commence the period include the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).

*Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Petitioner's conviction became final for AEDPA purposes on January 6, 2011, when the 90-day time period expired for seeking certiorari review in the U.S. Supreme Court, following the per curiam affirmance of his direct appeal by the First DCA on October 8, 2010.  *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.  Petitioner then had one year, until January 6, 2012, to file his federal habeas petition absent some other tolling activity.

As detailed above, Petitioner did not file anything until November 5, 2012, when he filed his Rule 3.850 motion in state court.  This was well after the one-year AEDPA limitations period expired and thus did not toll that limitations period.  *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in

state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Accordingly, the § 2254 petition is untimely.

## Conclusion

Because the § 2254 petition is untimely, it is **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 20) be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 12) be **DISMISSED**. The Clerk shall substitute Julie L. Jones for Michael D. Crews as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2016.

> S/   Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv328-WS/CAS